UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jillian Virginia Lagasse

   v.                                    Civil No. 17-cv-212-JD
                                          Opinion No. 2018 DNH 121

Nancy Berryhill, Acting
Commissioner, Social Security
Administration


O R D E R

Jillian Lagasse sought judicial review, pursuant to 42 U.S.C. § 405(g), of the decision of the Acting Commissioner of Social Security, that granted benefits for only a closed period of disability.  The court reversed the Acting Commissioner's decision and remanded the case for further proceedings.  Lagasse now moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  The Acting Commissioner objects on the grounds that the government's position was substantially justified and that the amount of fees requested is unreasonable.

Standard of Review

Under the EAJA, a prevailing party in a social security case is entitled to an award of attorney's fees and other expenses unless the Acting Commissioner's position was

substantially justified or "special circumstances make an award unjust." § 2412(d)(1)(A). For purposes of the EAJA, the Acting Commissioner's position "includes not only [her] arguments before this court, but also the conduct of both the administrative law judge in denying [the claimant's] application for benefits and the Appeals Council's decision to decline review." Garneau v. Berryhill, 2018 WL 1401793, at *1 (D.N.H. Mar. 19, 2018) (citing § 2412(d)(2)(D)); see also Diggett v. Berryhill, 292 F. Supp. 3d 581, 583 (D.R.I. 2017) (citing McDonald v. Sec'y of HHS, 884 F.2d 1468, 1476 (1st Cir. 1989)). To successfully oppose a motion under the EAJA, the Acting Commissioner bears the burden of showing that her position was "'justified to a degree that could satisfy a reasonable person' – that is, [that] the position ha[d] a 'reasonable basis both in law and fact.'" McLaughlin v. Hagel, 767 F.3d 113, 117 (1st Cir. 2014) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). If an award of fees is appropriate, the claimant bears the burden of showing that the amount of fees requested is reasonable. Manniello v. Berryhill, 2018 WL 881757, at *1 (D. Me. Feb. 14, 2018).

Discussion

Lagasse seeks $9,000.00 in attorney's fees under the EAJA.[1] The Acting Commissioner objects, contending that her litigation position was substantially justified. She also argues, in the alternative, that the amount of fees requested is not reasonable.

A.  Justification

The Acting Commissioner contends that Lagasse is not entitled to fees under the EAJA because her litigation position was substantially justified. She argues again, as she did in support of her motion to affirm, that the ALJ could draw common sense conclusions from medical records to find that Lagasse had improved as of December 9, 2015, so that she was no longer disabled. Because an ALJ may draw such conclusions in appropriate circumstances, she contends her position here was substantially justified.[2] The Acting Commissioner also contends

---

[1] Lagasse filed a reply in which she asked for an additional $488.00 in fees incurred in generating the reply. Because the reply was filed in violation of LR 7.1(e)(2), however, it was struck. Doc. no. 24. Lagasse did not move for leave to file the reply.

[2] The Acting Commissioner argues that her position was substantially justified because the remand was based on a single flaw in the ALJ's decision. That reasoning is not persuasive because it would make nearly all of the Acting Commissioner's positions in cases that are reversed and remanded substantially justified.

3

that the ALJ noted Lagasse's drug-seeking behavior, which could provide an explanation for her many hospital and provider visits after the date the ALJ found she was not longer disabled.

As is thoroughly explained in the order, the ALJ's finding of a closed period of disability was based on a functional capacity assessment that Lagasse would be absent from work three or four times each month due to her impairments. The medical records the ALJ interpreted to show improvement did not address Lagasse's functional capacity, or, more importantly, her likely absenteeism. The records at most showed some normal physical results on examination but did not mention functional capacity or a need to be absent from work. Further, the number of hospital and provider visits in the period when the ALJ found improvement, along with the seriousness of Lagasse's underlying impairments, weigh heavily against a finding that she would no longer experience absenteeism.

The Acting Commissioner also argues that she "relied on the ALJ's observation that the medical record showed serious and ongoing drug-seeking." She contends that the medical record supports a finding that Lagasse sought treatment to obtain drugs rather than for medical needs. The ALJ, however, did not make that finding.

In finding a closed period of disability, the ALJ reviewed Lagasse's substance abuse and found that she was disabled during that period "with or without substance abuse." The ALJ further stated that while he acknowledged substance abuse, he found "insufficient support for a finding that it is material to the finding of disability." With respect to Lagasse's functional capacity after December 9, 2015, the ALJ found that her substance abuse was "non-severe" although she did engage in "some ongoing drug-seeking behavior." The ALJ did not ascribe the extensive treatment sought after December 9, 2015, to drug seeking, and instead concluded that there was "insufficient support for a finding that the claimant's substance abuse and drug-seeking behavior is an issue material to the finding of disability." Admin. Rec. at 32.

The Acting Commissioner has not shown that the ALJ's decision in this case, the Appeals Council's denial of Lagasse's request for review, and her own position for purposes of judicial review were substantially justified. Therefore, an award of fees under the EAJA is appropriate.

B. Fees

Lagasse asks for an award of $9,000.00 in fees. The Acting Commissioner objects, arguing that the fees are excessive

5

because counsel spent unreasonable amounts of time on certain aspects of the case.

Lagasse's counsel provided an affidavit in support of the fee request. She states that the hourly rates charged are $196.00 for attorney time and $81.00 for paralegal time, which are lower rates than their usual and customary rates. She also states that she substantially reduced the amount. Counsel refers to Exhibit A as the statement of itemized time.

As the Acting Commissioner points out, the supporting documentation for the fee request is confusing. At the top of the first page of Exhibit A, which is an invoice dated May 9, 2018, there is a handwritten note: "EAJA RATES USED: JG=$196/hr DO=$81/hr." The total of time for professional services listed on three pages is 84.30 hours, which yields a "balance due" of $15,648.80. Some of the time entries, however, have been crossed out. Below that amount, there is a handwritten note "less 4.6 hrs @ 81-- $372.60" then a line drawn and $15,276.20 entered below the line. Following that, there is a handwritten note: "EAJA REQUESTED: $9,000.00 (Reduced)."

Exhibit A then continues with what appears to be a second copy of the same invoice that has a handwritten note at the top which lists the "usual and customary rates" for Lagasse's counsel at "$275/hr" and the rate for the paralegal at "$90/hr."

That copy of the invoice does not show any time entries as crossed out.  The total time recorded is 84.30 and the balance due is $21,776.50.

It appears, reading the documents together, that Lagasse's counsel is showing that she and her paralegal worked a total of 84.30 hours on the case.  At the reduced hourly rate for purposes of a fee award under the EAJA, counsel would charge a total of $15,276.20 for that time.  Counsel decided to discount the fee request to $9,000.00.  Using a reverse calculation based on the $9,000.00 amount and $196.00 as the hourly rate, counsel is requesting fees for about 45.9 hours of work.

The Acting Commissioner argues that the amount of fees requested by Lagasse is excessive because this was a routine case with only one issue.  The Acting Commissioner argues that such routine cases should require between twenty and forty hours of attorney time.  Lagasse contends that her fee request is reasonable.

Other courts in the First Circuit have found fees for more than forty hours of work were reasonable in cases without a string of issues.  See Diggett, 292 F. Supp. 3d at 584 (finding 106.9 hours reasonable where case was remanded on a single issue and rejecting as arbitrary Acting Commissioner's proposal to limit the request to 40 hours).  While the court agrees with the

Acting Commissioner that Lagasse's counsel's work on the joint factual statement resulted in an excessively long document, counsel also significantly reduced the total amount of fees requested, which accounts for the excess time.[3]  Overall, the court finds that the fees requested are reasonable.

Lagasse's attorney asks that the fees be paid directly to her, rather than to Lagasse, pursuant to the terms of their assignment agreement.  In that agreement, Lagasse assigned her "right to receive the EAJA award to [her] attorney, Janine Gawryl, to cover the legal work she and her paralegals did on [her] behalf in Federal Court."  Doc. 21-3.  The Acting Commissioner does not oppose the assignment or payment to Lagasse's attorney.  Cf. Kerr for Kerr v. Comm'r of Social Security, 874 F.3d 926, 934-38 (6th Cir. 2017); Heims v. Berryhill, 2018 WL 2390589, at *2 (N.D. Iowa, May 25, 2018); Skvorak v. Berryhill, 264 F. Supp. 3d 12, 14-15 (D.D.C. 2017).

Because EAJA fees are payable to the litigant, rather than counsel, they are subject to offset to satisfy any preexisting debt owed by Lagasse to the United States.  Astrue v. Ratliff, 130 S. Ct. 2421 (2010).  If Lagasse has no debt owed to the

---

[3] The Local Rules in this district have been amended to eliminate the joint factual statement and instead require the parties to provide factual statements that meet certain conditions, with page limitations.  LR 9.1.  Therefore, a 59 page factual statement will no longer be allowed.

8

United States that is subject to offset, the fee award is payable to her attorney. See Zayas v. Colvin, 2016 WL 5109127, at *1 (D. Mass. Sept. 19, 2016).

## Conclusion

For the foregoing reasons, the claimant's motion for an award of fees (document no. 21) is granted. Lagasse is awarded $9,000.00 in attorney's fees.

The Acting Commissioner shall pay the fee award to Lagasse's attorney, Janine Gawryl, less the amount of any preexisting debt that Lagasse owes which is subject to offset.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

June 14, 2018

cc: Janine Gawryl, Esq.
    Robert J. Rabuck, Esq.